UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VIRGINIA ANN SMITH                                                                PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 2:23-CV-33-RPM

PEDRO FIGUERON and
DENNIS MILLER                                                                    DEFENDANTS

**MEMORANDUM OPINION & ORDER**

On February 22, 2023, Plaintiff Virginia Ann Smith, proceeding *pro se* and *in forma pauperis*, filed a civil action in federal court alleging claims related to her eviction from an apartment owned by Affordable Southern Homes in Hattiesburg, Mississippi. Defendant Dennis Miller is the owner of Affordable Southern Homes. According to Plaintiff, in December 2022, a judgment of eviction was entered against her in the Justice Court of Forrest County. Doc. [1-2] at 3. She alleges the property manager, Defendant Pedro Figueron, lied to the court about her being behind on rent. Plaintiff submitted a later order from the County Court of Forrest County, filed June 16, 2023, reversing the eviction order of the Justice Court. Doc. [5-1]. The County Court found that the property owner did not follow all the legally required procedures for eviction under Mississippi law. As a result of her eviction, Plaintiff claims she lost personal property valued at $37,326.00. Doc. [1] at 5. She also alleges health complications related to the eviction and seeks $500,000.00 in punitive damages. *Ibid.*

On November 8, 2023, the Court conducted a screening hearing. Plaintiff appeared and was placed under oath. She consented to proceed before a U.S. Magistrate Judge. Plaintiff testified regarding the factual basis of the claims in her complaint. At the hearing, Plaintiff testified that Defendants Figueron and Miller are residents of Mississippi. On November 8,

2023, Plaintiff filed a motion to amend, indicating that her complaint is for "Other Personal Injury". Doc. [9]. In a later pleading, filed on November 17, 2023, Plaintiff offered the following reasons for filing her complaint in federal court: (1) Defendant Miller had or has resided in another state; (2) Plaintiff did not have a fair hearing in state court; and (3) her constitutional rights were violated.

## Law and Analysis

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate; in other words, cases involving diversity of citizenship, federal question, or where the United States is a party to an action. *Kokkonen v. Guardian Life Insur. Co.*, 511 U.S. 375, 377 (1994). Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As the party invoking federal subject-matter jurisdiction, Plaintiff bears the burden of establishing its existence. *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017). Plaintiff has failed to meet this burden.

In her complaint, Plaintiff alleges a wrongful eviction and resulting loss of personal property. Although she cites to the Fifth Amendment and the Fourteenth Amendment Due Process Clause, Plaintiff offers no factual basis to show that her claims arise under the U.S. Constitution. Rather, Plaintiff has asserted an eviction action that has already been litigated in state court. *See ONM Living LLC v. Johnson*, 2023 WL 3025410, at *3 (E.D. Tex. May 24, 2023) ("It is well-established that a forcible detainer action is a state law claim that provides no basis for federal question jurisdiction."); *see also Wells v. Ali*, 304 F. App'x. 292, 294 (5th Cir.

2008) (dismissing plaintiff's eviction-related claims because they were merely attempts to relitigate in federal court). "Landlord-tenant disputes and eviction actions are typically state law claims." *Ortiz v. Hillard*, 2010 WL 2195652 (S.D.Tex. June 1, 2010). "It is well established that the landlord-tenant relationship is fundamentally a matter of state law and ... federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law." *Id.* (citing *United Mut. Houses, L.P. v. Andujar*, 230 F.Supp.2d 349, 354 (S.D.N.Y. 2002). Moreover, the bare allegations that Plaintiff did not have a fair hearing in state court and that her "constitutional rights were violated," are not sufficient to state a federal cause of action or confer jurisdiction upon this Court. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation."). Based on the foregoing, the undersigned finds Plaintiff has not met her burden of establishing the existence of federal question jurisdiction. Accordingly, if this Court has subject-matter jurisdiction at all, it would be based on diversity of citizenship.

Federal district courts have subject-matter jurisdiction over a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Courts apply the phrase "citizens of different states" to require complete diversity between the parties. *E.g., Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). At the screening hearing, Plaintiff testified under oath that Defendants Figueron and Miller are Mississippi residents. Plaintiff also is a Mississippi resident. Thus, the parties lack diversity of citizenship. Even if the Court were to accept Plaintiff's unsworn assertion that Defendant Miller had or has resided in another state, it is undisputed that Defendant Figueron is a resident of Mississippi. Accordingly, complete diversity between the parties is lacking.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's complaint is hereby dismissed without prejudice based on a lack of subject matter jurisdiction.

SO ORDERED AND ADJUDGED, this the 26th day of February 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE